**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LVL PATENT GROUP, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. |
| SONY ELECTRONICS, INC; VIZIO, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG TELECOMMUNICATIONS AMERICA, INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; SHARP ELECTRONICS CORP.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; PHILIPS ELECTRONICS NORTH AMERICA CORP.; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; NEC CORPORATION OF AMERICA; PIONEER ELECTRONICS (USA) INC.; DENON ELECTRONICS (USA), LLC; MEMOREX PRODUCTS, INC.; BEST BUY PURCHASING, LLC; AND ONKYO U.S.A. CORP., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT**

Plaintiff LVL Patent Group, LLC, ("LVL") alleges as follows:

**PARTIES**

1.      LVL is a Virginia limited liability company with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.      On information and belief, Defendant Sony Electronics Inc. ("Sony Electronics") is a Delaware corporation with a principal place of business at 16530 Via Esprillo, San Diego, California 92127.   Sony Electronics has appointed Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19808, as its agent for service of process.

3.      On information and belief, Defendant Vizio, Inc. ("Vizio") is a Delaware corporation with its principal place of business 39 Tesla, Irvine, California 92618. Vizio has

appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

4.      On information and belief, Defendant Samsung Telecommunications America LLC ("Samsung") is a Delaware limited liability company with its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082.  Samsung has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

5.      On information and belief, Defendant Samsung Telecommunications America, Inc. ("Samsung Inc.") is a Delaware limited liability corporation with its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082. Samsung Inc. has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

6.      On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. ("LG") is a California corporation with its principal place of business at 10225 Willow Creek Road, San Diego, California, 92131.  LG has appointed Alan K. Tse, 10101 Old Grove Road, San Diego, California 92131, as its agent for service of process.

7.      On information and belief, Defendant Sharp Electronics Corporation ("Sharp") is a New York corporation with a principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07495.  Sharp has appointed C T Corporation System, 111 8th Avenue, New York, New York 10011, as its agent for service of process.

8.      On information and belief, Defendant Toshiba America Information Systems, Inc. ("Toshiba") is a California corporation with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618. Toshiba has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

9.      On information and belief, Defendant Philips Electronics North America Corporation ("Philips") is a Delaware corporation with its principal place of business at 3000

Minuteman Road, Andover, Massachusetts 01810.  Philips has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street Wilmington, Delaware 19801, as its agent for service of process.

10.     On information and belief, Defendant Mitsubishi Digital Electronics America, Inc. ("Mitsubishi") is a Delaware corporation with a principal place of business at 9351 Jeronimo Road, Irvine, California 92618.  Mitsubishi has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

11.     On information and belief, Defendant NEC Corporation of America ("NEC") a Nevada Corporation with a principal place of business at 6535 North State Highway 161, Irving, Texas 75039.  NEC has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

12.     On information and belief, Defendant Pioneer Electronics (USA) Inc. ("Pioneer") is a Delaware corporation with its principal place of business at 2265 East 220th Street, Long Beach, California 90810. Pioneer USA has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

13.     On information and belief, Defendant Denon Electronics (USA), LLC ("Denon") is a Delaware limited liability company with its principal place of business at 100 Corporate Dr. Mahwah, NJ 07430-2041. Denon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

14.     On information and belief, Defendant Memorex Products, Inc. ("Memorex") is a California corporation with its principal place of business at Imation Corp., 1 Imation Way, Oakdale, Minnesota, 55128.  Memorex has appointed Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833, as its agent for service of process.

15.     On information and belief, Defendant Best Buy Purchasing, LLC ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423. Best Buy has appointed C T Corporation System Inc, 100 S 5th Ste 1075, Minneapolis, Minnesota 55402-1265, as its agent for service of process.

16.     On information and belief, Defendant Onkyo U.S.A. Corporation ("Onkyo") is an Illinois corporation with its principal place of business at 18 Park Way, Upper Saddle River, NJ 07458. Onkyo has appointed Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703, as its agent for service of process.

<u>JURISDICTION AND VENUE</u>

17.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*., including § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

<u>COUNT I</u>

<u>(Infringement of U.S. Patent No. 6,044,382)</u>

19.     LVL is the owner by assignment of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server."  The '382 patent issued on March 28, 2000.  A true and correct copy of the '382 patent is attached hereto as Exhibit A.

20.     Defendant Sony has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the

data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

21.     Defendant Vizio has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

22.     Defendant Samsung has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

23.     Defendant Samsung Inc. has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

24.     Defendant LG has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell,

or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

25.     Defendant Sharp has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

26.     Defendant Toshiba has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

27.     Defendant Philips has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

28.     Defendant Mitsubishi has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

29.     Defendant NEC has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

30.     Defendant Pioneer has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

31.     Defendant Denon has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission

medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

32.     Defendant Memorex has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

33.     Defendant Best Buy has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

34.     Defendant Onkyo has infringed and still is infringing at least claims 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

35.     As a result of each defendant's infringement of the '382 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

36.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '382 patent, LVL will suffer irreparable harm.

<u>PRAYER FOR RELIEF</u>

LVL prays for the following relief:

1.     A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the '382 patent;

2.     A permanent injunction enjoining each defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '382 patent;

3.     An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5.     A judgment and order requiring defendants to provide an accounting to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6.     Any and all other relief to which LVL may show itself to be entitled.

## DEMAND FOR JURY TRIAL

LVL demands a trial by jury on all issues so triable.

September 15, 2011

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
mfenster@raklaw.com

222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
LVL Patent Group, LLC