**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC (formerly known as LVL PATENT GROUP, LLC),<br><br>        Plaintiff,<br><br>    v.<br><br>SONY ELECTRONICS INC; VIZIO, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; LG ELECTRONICS U.S.A., INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; MITSUBISHI DIGITAL ELECTRIC VISUAL SOLUTIONS AMERICA, INC.; NEC CORPORATION OF AMERICA; PIONEER ELECTRONICS (USA) INC.; DENON ELECTRONICS (USA), LLC; MEMOREX PRODUCTS, INC.; BEST BUY PURCHASING, LLC; AND ONKYO U.S.A. CORPORATION,<br><br>        Defendants. | Civil Action No. 1:11-cv-833-SLR<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

Plaintiff CyberFone Systems, LLC, ("CyberFone"), previously named LVL Patent Group, LLC, alleges as follows:

PARTIES

1. CyberFone is a Virginia limited liability company with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2. On information and belief, Defendant Sony Electronics Inc. ("Sony Electronics") is a Delaware corporation with a principal place of business at 16530 Via Esprillo, San Diego, California 92127. Sony Electronics has appointed Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19808, as its agent for service of process.

3. On information and belief, Defendant Vizio, Inc. ("Vizio") is a Delaware corporation with its principal place of business 39 Tesla, Irvine, California 92618. Vizio has

1

appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

4. On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung") is a New York corporation with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung has appointed C T Corporation System, 111 Eighth Avenue, New York, New York 10011, as its agent for service of process.

5. On information and belief, Defendant LG Electronics U.S.A., Inc. ("LG") is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG has appointed United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

6. On information and belief, Defendant Toshiba America Information Systems, Inc. ("Toshiba") is a California corporation with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618. Toshiba has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

7. On information and belief, Defendant Philips Electronics North America Corporation ("Philips") is a Delaware corporation with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810. Philips has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

8. On information and belief, Defendant Mitsubishi Electric Visual Solutions America, Inc. ("Mitsubishi") is a Delaware corporation with a principal place of business at 9351 Jeronimo Road, Irvine, California 92618. Mitsubishi has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

9. On information and belief, Defendant NEC Corporation of America ("NEC") is a Nevada Corporation with a principal place of business at 6535 North State Highway 161, Irving,

Texas 75039. NEC has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

10. On information and belief, Defendant Pioneer Electronics (USA) Inc. ("Pioneer") is a Delaware corporation with its principal place of business at 2265 East 220th Street, Long Beach, California 90810. Pioneer has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

11. On information and belief, Defendant Denon Electronics (USA), LLC ("Denon") is a Delaware limited liability company with its principal place of business at 100 Corporate Drive, Mahwah, New Jersey 07430-2041. Denon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

12. On information and belief, Defendant Memorex Products, Inc. ("Memorex") is a California corporation with its principal place of business at 1 Imation Way, Oakdale, Minnesota 55128. Memorex has appointed Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833, as its agent for service of process.

13. On information and belief, Defendant Best Buy Purchasing, LLC ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423. Best Buy has appointed C T Corporation System Inc., 100 South Fifth Street, Suite 1075, Minneapolis, Minnesota 55402-1265, as its agent for service of process.

14. On information and belief, Defendant Onkyo U.S.A. Corporation ("Onkyo") is an Illinois corporation with its principal place of business at 18 Park Way, Upper Saddle River, New Jersey 07458. Onkyo has appointed Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703, as its agent for service of process.

## JURISDICTION AND VENUE

15. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

### (Infringement of U.S. Patent No. 6,044,382)

17. CyberFone is the owner by assignment of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server." The '382 patent issued on March 28, 2000. A true and correct copy of the '382 patent is attached hereto as Exhibit A.

18. Sony has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices, such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems. An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Sony includes Sony BRAVIA 46" Class/LCD/1080p/240Hz/3D HDTV, Model XBR-46HX929; Sony 1000W 5.1-Ch. 3D Wi-Fi Blu-ray Home Theater System, Model BDVE280; Sony Wireless Network Media Player, Model SMPN100; and Sony MegaChanger 400-Disc Blu-ray Disc Player with 1080p Output, Model BDP-CX7000ES. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

4

19.     Sony has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Sony includes Sony BRAVIA 46" Class/LCD/1080p/240Hz/3D HDTV, Model XBR-46HX929; Sony 1000W 5.1-Ch. 3D Wi-Fi Blu-ray Home Theater System, Model BDVE280; Sony Wireless Network Media Player, Model SMPN100; and Sony MegaChanger 400-Disc Blu-ray Disc Player with 1080p Output, Model BDP-CX7000ES. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Sony has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Sony induces to infringe and/or whose infringement to which Sony contributes are the end users of the above-referenced products. Sony has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

20.     Vizio has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Vizio includes Vizio VHT510 5.1 Speaker System, Model VHT510; Vizio 55" Class Edge Lit Razor 1080p LED M550SV LCD TV, Model M550SV; and Vizio Factory Refurbished 32" Class/LCD/1080p/60Hz/3D HDTV, Model

E3D320VX. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

21. Vizio has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Vizio includes Vizio VHT510 5.1 Speaker System, Model VHT510; Vizio 55" Class Edge Lit Razor 1080p LED M550SV LCD TV, Model M550SV; and Vizio Factory Refurbished 32" Class/LCD/1080p/60Hz/3D HDTV, Model E3D320VX. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Vizio has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Vizio induces to infringe and/or whose infringement to which Vizio contributes are the end users of the above-referenced products. Vizio has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

22. Samsung has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players,

6

set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Samsung includes Samsung Wi-Fi Ready Blu-ray Player, Model BD-C5500; Samsung 1000W 5.1-Ch. Blu-ray Home Theater System, Model HTD 4500ZA; and Samsung 51" Class/1080p 3D Plasma HDTV, Model PN51D550. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

23.    Samsung has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Samsung includes Samsung Wi-Fi Ready Blu-ray Player, Model BD-C5500; Samsung 1000W 5.1-Ch. Blu-ray Home Theater System, Model HTD 4500ZA; and Samsung 51" Class/1080p 3D Plasma HDTV, Model PN51D550. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Samsung has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Samsung induces to infringe and/or whose infringement to which Samsung contributes are the end users of the above-referenced products. Samsung has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

24. LG has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by LG includes LG Network Blu-ray Player With 250GB Hard Drive & Wi-Fi, Model BD590; LG 1100W 5.1-Ch. Wi-Fi Blu-ray Home Theater System, Model LHB326; LG Wireless Media Kit, Model AN-WL100; and LG 42" Class/LED/1080p/60Hz HDTV, Model 42LV3700. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device. LG has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by LG includes LG Network Blu-ray Player With 250GB Hard Drive & Wi-Fi, Model BD590; LG 1100W 5.1-Ch. Wi-Fi Blu-ray Home Theater System, Model LHB326; LG Wireless Media Kit, Model AN-WL100; and LG 42" Class/LED/1080p/60Hz HDTV, Model 42LV3700. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, LG has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom LG induces to infringe and/or whose infringement to which LG contributes are the end users of the above-

referenced products. LG has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

25. Toshiba has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Toshiba includes Toshiba Wi-Fi Ready Blu-ray Player, Model BDX2150 and Toshiba 42" Class/LED/1080p/120Hz HDTV, Model 42SL417U. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

26. Toshiba has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Toshiba includes Toshiba Wi-Fi Ready Blu-ray Player, Model BDX2150 and Toshiba 42" Class/LED/1080p/120Hz HDTV, Model 42SL417U. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Toshiba has injured CyberFone and is thus liable to CyberFone for

infringement of the '382 patent under 35 U.S.C. § 271. Those whom Toshiba induces to infringe and/or whose infringement to which Toshiba contributes are the end users of the above-referenced products. Toshiba has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

27. Philips has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Philips includes Philips Wi-Fi Built-in Blu-ray Player, Model BDP3406/F7; Philips 1000W Blu-ray Home Theater System, Model HTS3306/F7; and Philips 40" Class/1080p/120Hz/LED-LCD HDTV, Model 40PFL4706/F7. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

28. Philips has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Philips includes Philips Wi-Fi Built-in Blu-ray Player, Model BDP3406/F7; Philips 1000W Blu-ray

Home Theater System, Model HTS3306/F7; and Philips 40" Class/1080p/120Hz/LED-LCD HDTV, Model 40PFL4706/F7. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Philips has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Philips induces to infringe and/or whose infringement to which Philips contributes are the end users of the above-referenced products. Philips has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

29. Mitsubishi has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Mitsubishi includes Mitsubishi Home Cinema 82" Class/DLP Projection/1080p/120Hz 3D HDTV, Model WD-82740; Mitsubishi 73" 3D DLP Home Cinema TV, Model WD-73738; and Mitsubishi Diamond Home Cinema 92" Class/DLP Projection/1080p/120Hz 3D HDTV, Model WD-92840. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

30. Mitsubishi has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority,

products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Mitsubishi includes Mitsubishi Home Cinema 82" Class/DLP Projection/1080p/120Hz 3D HDTV, Model WD-82740; Mitsubishi 73" 3D DLP Home Cinema TV, Model WD-73738; and Mitsubishi Diamond Home Cinema 92" Class/DLP Projection/1080p/120Hz 3D HDTV, Model WD-92840. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Mitsubishi has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Mitsubishi induces to infringe and/or whose infringement to which Mitsubishi contributes are the end users of the above-referenced products. Mitsubishi has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

31. NEC has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by NEC includes NEC 40" Class/LCD/1080p HDTV, Model S401-AVT. The accused products and services comprise comprising a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data

12

transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

32. NEC has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by NEC includes NEC 40" Class/LCD/1080p HDTV, Model S401-AVT. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, NEC has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom NEC induces to infringe and/or whose infringement to which NEC contributes are the end users of the above-referenced products. NEC has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

33. Pioneer has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Pioneer includes Pioneer 7.1-Ch. 3D Pass Through A/V Home Theater Receiver, Model VSX-1020-K and Pioneer Elite 3D Wi-Fi Ready Blu-ray Disc Player, Model BDP-41FD. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a

transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

34. Pioneer has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Pioneer includes Pioneer 7.1-Ch. 3D Pass Through A/V Home Theater Receiver, Model VSX-1020-K and Pioneer Elite 3D Wi-Fi Ready Blu-ray Disc Player, Model BDP-41FD. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Pioneer has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Pioneer induces to infringe and/or whose infringement to which Pioneer contributes are the end users of the above-referenced products. Pioneer has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

35. Denon has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Denon includes Denon 3D Internet Connectable

Blu-ray Disc Player, Model DBP1611UD and Denon 875W 7.1-Ch. 3D Pass Through Home Theater Receiver, Model AVR1912. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

36. Denon has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Denon includes Denon 3D Internet Connectable Blu-ray Disc Player, Model DBP1611UD and Denon 875W 7.1-Ch. 3D Pass Through Home Theater Receiver, Model AVR1912. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Denon has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Denon induces to infringe and/or whose infringement to which Denon contributes are the end users of the above-referenced products. Denon has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

37. Memorex has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players,

15

set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Memorex includes Memorex Factory-Refurbished Internet Connectable Wi-Fi Built-In Blu-ray Disc Player, Model MVBD2535. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

38. Memorex has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Memorex includes Memorex Factory-Refurbished Internet Connectable Wi-Fi Built-In Blu-ray Disc Player, Model MVBD2535. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Memorex has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Memorex induces to infringe and/or whose infringement to which Memorex contributes are the end users of the above-referenced products. Memorex has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

39. Best Buy has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or

importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Best Buy includes Insignia 3D Wi-Fi Built-In Blu-ray Player, Model NS-WBRDVD3 and Insignia Connected TV 32" Class/1080p/120Hz LED HDTV. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

40. Best Buy has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Best Buy includes Insignia 3D Wi-Fi Built-In Blu-ray Player, Model NS-WBRDVD3 and Insignia Connected TV 32" Class/1080p/120Hz LED HDTV. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Best Buy has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Best Buy induces to infringe and/or whose infringement to which Best Buy contributes are the end users of the above-referenced products. Best Buy has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

41. Onkyo has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transact data through a system, including, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Onkyo includes Onkyo 770W 5.1-Ch. 3D Home Theater System and Onkyo 700W 7.2-Ch. 3D Pass Through A/V Home Theater Receiver. The accused products and services comprise a transaction entry device composed of a microprocessor and a computer readable medium; a transmission medium; and a server which processes data transactions by at least one of communicating the data transactions to another server for processing and processing the data transactions and returning at least one of additional forms, responses and prompts to the transaction entry device.

42. Onkyo has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, various "smart" electronic media devices (such as televisions, Blu-ray Disc players, set-top boxes, and home theater systems). An exemplary list of "smart" electronic media devices made, used, sold, offered for sale or imported by Onkyo includes Onkyo 770W 5.1-Ch. 3D Home Theater System and Onkyo 700W 7.2-Ch. 3D Pass Through A/V Home Theater Receiver. Such products are for use in systems that infringe at least claim 19 of the '382 patent. By making, using, importing, offering for sale, and/or selling such products, Onkyo has injured CyberFone and is thus liable to CyberFone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom Onkyo induces to infringe and/or whose infringement to which Onkyo contributes are the end users of the above-referenced products. Onkyo has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively

inducing infringement and/or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

43. As a result of each defendant's infringement of the '382 patent, CyberFone has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

44. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '382 patent, CyberFone will suffer irreparable harm.

## PRAYER FOR RELIEF

CyberFone prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents), directly or indirectly, by way of inducing or contributing to the infringement of, one or more claims of the '382 patent;

2. A permanent injunction enjoining each defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, contributing to the infringement of, or inducing infringement of the '382 patent;

3. An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CyberFone its reasonable attorneys' fees against each defendant;

5. A judgment and order requiring defendants to provide an accounting to pay supplemental damages to CyberFone, including without limitation, pre-judgment and post-judgment interest; and

6. Any and all other relief to which CyberFone may show itself to be entitled.

## DEMAND FOR JURY TRIAL

CyberFone demands a trial by jury on all issues so triable.

November 18, 2011

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
CyberFone Systems, LLC