# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SONY ELECTRONICS, INC., ET AL.,<br><br>　　　　Defendants. | Civil Action No. 11-833-SLR |

## MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA" or "Defendant") hereby Answers the First Amended Complaint ("Complaint") filed by Plaintiff Cyberfone Systems, LLC ("Cyberfone" or "Plaintiff").

## PARTIES

1.　　MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2.　　MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint, and therefore denies the same.

3.　　MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the Complaint, and therefore denies the same.

4.　　MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 4 of the Complaint, and therefore denies the same.

5.　　MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint, and therefore denies the same.

6. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the Complaint, and therefore denies the same.

7. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint, and therefore denies the same.

8. MEVSA admits the allegations of paragraph 8 of the Complaint.

9. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint, and therefore denies the same.

10. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint, and therefore denies the same.

11. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint, and therefore denies the same.

12. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint, and therefore denies the same.

13. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint, and therefore denies the same.

14. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

15. MEVSA admits that this Action purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and that the Court has subject matter jurisdiction, but MEVSA denies that it has infringed any valid and enforceable patent right of the Plaintiff and denies that Plaintiff is entitled to any recovery from MEVSA.

16. MEVSA denies that it has committed acts of patent infringement in this district or in any other district. For the purposes of this lawsuit only, MEVSA admits that it is subject to personal jurisdiction in this district. For purposes of this lawsuit only, MEVSA does not contest that venue is proper in this district. To the extent paragraph 16 of the Complaint contains additional factual allegations directed to other defendants, MEVSA lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 16 of the Complaint, and therefore denies the same.

## COUNT I

(Infringement of U.S. Patent No. 6,044,382)

17. MEVSA admits that a copy of a patent purporting to be U.S. Patent No. 6,044,382 entitled "Data Transaction Assembly Server" showing an issue date of March 28, 2000 is attached as Exhibit A to the Complaint. MEVSA lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 17 of the Complaint, and therefore denies the same.

18. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint, and therefore denies the same.

19. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 19 of the Complaint, and therefore denies the same.

20. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint, and therefore denies the same.

21. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 21 of the Complaint, and therefore denies the same.

22. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint, and therefore denies the same.

23. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the Complaint, and therefore denies the same.

24. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint, and therefore denies the same.

25. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint, and therefore denies the same.

26. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the Complaint, and therefore denies the same.

27. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint, and therefore denies the same.

28. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint, and therefore denies the same.

29. MEVSA denies the allegations of paragraph 29 of the Complaint.

30. MEVSA denies the allegations of paragraph 30 of the Complaint.

31. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 31 of the Complaint, and therefore denies the same.

32. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint, and therefore denies the same.

33. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the Complaint, and therefore denies the same.

34. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 34 of the Complaint, and therefore denies the same.

35. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint, and therefore denies the same.

36. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the Complaint, and therefore denies the same.

37. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 37 of the Complaint, and therefore denies the same.

38. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 38 of the Complaint, and therefore denies the same.

39. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 39 of the Complaint, and therefore denies the same.

40. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 40 of the Complaint, and therefore denies the same.

41. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 41 of the Complaint, and therefore denies the same.

42. MEVSA lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 42 of the Complaint, and therefore denies the same.

43. MEVSA denies the allegations of paragraph 43 of the Complaint to the extent they are directed at MEVSA. MEVSA lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 43 of the Complaint, and therefore denies the same.

44. MEVSA denies the allegations of paragraph 44 of the Complaint to the extent they are directed at MEVSA. MEVSA lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 44 of the Complaint, and therefore denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

MEVSA denies that Plaintiff is entitled to any relief against MEVSA, either as prayed for in its Complaint or otherwise.

## MEVSA'S DEFENSES

Without altering the burden of proof, MEVSA asserts the following defenses, which are based upon MEVSA's investigation to date and prior to obtaining any discovery from Plaintiff. MEVSA's investigation of its defenses is continuing, and MEVSA reserves the right to assert all affirmative defenses and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation.

## FIRST DEFENSE
## (NON-INFRINGEMENT)

45. MEVSA does not and has not directly, jointly, or indirectly infringed, contributed to infringement, or actively induced others to infringe any valid and enforceable claim of the patent-in-suit either literally or under the doctrine of equivalents.

## SECOND DEFENSE
## (PATENT INVALIDITY)

46. Upon information and belief, Plaintiff's claims are barred, in full or in part, because one or more of the claims of the patent-in-suit are invalid for failure to satisfy one or more of the conditions of patentability set forth in the United States patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

### (ESTOPPEL)

47. Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that resulted in the patent-in-suit and/or related patents, as is shown by the file histories, and by reason of amendment, cancellation, or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee Plaintiff is estopped from claiming a construction of the patent-in-suit that would cause any valid claim to cover or include any method or system made, used, offered for sale, sold, or imported by MEVSA.

## FOURTH DEFENSE

### (FAILURE TO STATE A CLAIM)

48. Upon information and belief, the Complaint fails to state facts upon which a claim for relief can be granted against MEVSA.

## FIFTH DEFENSE

### (LACHES/WAIVER)

49. Plaintiff's claims are barred in whole or in part by the doctrines of laches and/or waiver.

## SIXTH DEFENSE

### (DAMAGES LIMITATIONS)

50. Upon information and belief, to the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §§ 286 and 287 to those damages occurring only after notice of infringement.

## SEVENTH DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

51. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## EIGHTH DEFENSE

## (NO ATTORNEYS' FEES OR COSTS)

52. On information and belief, MEVSA has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs and Plaintiff is barred from recovering any costs associated with this action under 35 U.S.C. § 288.

## NINTH DEFENSE

## (ADEQUATE REMEDY AT LAW)

53. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TENTH DEFENSE

## (NO WILLFUL INFRINGEMENT)

54. Plaintiff is not entitled to enhanced or increased damages for willful infringement because MEVSA has not engaged in any conduct that meets the applicable standard for willful infringement.

## ELEVENTH DEFENSE

## (PATENT MISUSE)

55. The patents-in-suit are unenforceable for patent misuse, based on, but not limited to, Plaintiff's continuing unlawful attempts to enforce the patents-in-suit, which Plaintiff knows or should know are invalid, unenforceable, and/or not infringed.

## TWELFTH DEFENSE

## (OTHER AFFIRMATIVE DEFENSES BASED ON LATER DISCOVERED EVIDENCE)

56. MEVSA reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and other factual investigation in this case.

## MEVSA'S DEMAND FOR JURY TRIAL

MEVSA hereby demands a trial by jury on all issues so triable.

## MEVSA'S PRAYER FOR RELIEF

MEVSA respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Dismissal of Plaintiff's claims in their entirety with prejudice;

B. A finding that Plaintiff take nothing by way of its Complaint;

C. A declaration that MEVSA does not infringe the patent-in-suit;

D. A declaration that the claims of the patent-in-suit are invalid;

E. An order awarding MEVSA its costs;

F. An order finding that this is an exceptional case and awarding MEVSA its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

| | |
|---|---|
| Of Counsel: | **FOX ROTHSCHILD LLP** |
| **FOLEY & LARDNER LLP** | By: /s/ Gregory B. Williams |
| | Gregory B. Williams (#4195) |
| Victor de Gyarfas | Citizens Bank Center |
| admitted pro hac vice | 919 N. Market Street |
| 555 S. Flower Street, Suite 3500 | Suite 1300 |
| Los Angeles, CA 90071-2411 | Wilmington, DE 19899 |
| 213-972-4500 | (302) 622-4211 |
| vdegyarfas@foley.com | |
| | |
| Laura L. Chapman | |
| admitted pro hac vice | |
| 555 California Street, Suite 1700 | |
| San Francisco, CA 94104-1520 | |
| 415-434-4484 | |
| lchapman@foley.com | |

Date: May 14, 2012